From E. E. Crumrine, Washington, Pa.

---

## Yurkanin v. Home Insurance Company of New York.

*Non pros.—Presumption of abandonment.*

Presumption of abandonment, after a case has been at issue three years, will be overcome by plaintiff's declaration that he had paid counsel on account; that he did not know until a day or so before argument on rule for *non pros.* that such rule had been granted; that his former counsel had refused to go on without further fees; and that he had immediately engaged other counsel.

Rule for *non pros.* C. P. Luzerne Co., May T., 1920, No. 353.

*W. L. Pace*, for plaintiff; *E. F. McGovern*, for defendant.

McLEAN, J.—Defendant obtained rule for *non pros.* and therewith filed petition setting forth as follows:

"1. That the summons in the above entitled case was issued upon the 3rd of April, 1920, returnable to the 3rd of May, 1920, and was served upon your petitioner upon the 14th of April, 1920.

"2. The action being brought to recover upon insurance policy for a loss alleged to have occurred on Nov. 24, 1919.

"3. That on the 12th day of August, 1921, plaintiff filed his statement of claim.

"4. That on the 23rd day of August, 1921, a rule was granted upon plaintiff to show cause why this statement should not be stricken from the record.

"5. That upon the 1st day of October, 1921, plaintiff filed an amended statement of claim.

"6. That on the 15th of October, 1921, defendant filed its affidavit of defence.

"7. Upon the 20th of January, 1922, defendant filed an amended affidavit of defence.

"8. That although said case has been at issue since the 20th of January, 1922, a period of over three years, plaintiff has not placed the same upon the trial list, but has arbitrarily abandoned his action.

"9. That, as result of plaintiff's failure to bring said case to trial, your petitioner has been greatly prejudiced."

To which petition plaintiff filed answer in part as follows:

"Plaintiff absolutely denies that he has arbitrarily or otherwise abandoned his said action, or that defendant has been in any way prejudiced by reason of said case not having been so placed on said trial list, and avers that he has been exceedingly diligent in urging his late counsel to have said case tried, having paid his said counsel $35 as fees so to do, and has been repeatedly assured by his said counsel that said case would be attended to by him and same tried in due course, otherwise he would have secured other counsel, and did not know until a day or so before said rule was fixed for argument that his counsel refused to proceed further without the payment by plaintiff of additional fees, and, as a result, said plaintiff was obliged to engage his present counsel."

We conclude that the answer filed entirely overcomes the presumption of abandonment arising from the delay in prosecuting the case. Accordingly, rule discharged.

From Frank P. Slattery, Wilkes-Barre, Pa.